# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALONZO JOHNSON, ) | |
| ) | Civil Action No. 14-605 |
| Plaintiff, ) | |
| ) | |
| v. ) | Chief Magistrate Judge Lenihan |
| ) | |
| FREEDOM OF INFORMATION ACT, ) | |
| ) | |
| Defendant. ) | ECF No. 4 |

## MEMORANDUM OPINION

Plaintiff's Complaint (ECF No. 4) filed on May 13, 2014 will be dismissed without prejudice, so that Plaintiff may file an amended complaint naming as defendants those individuals or entities against whom he has a cause of action.

Plaintiff, Alonzo Johnson ("Plaintiff"), commenced this pro se civil rights action by filing a motion to proceed in forma pauperis on May 9, 2014. (ECF No. 1.) The motion was granted on May 13, 2014. (ECF No. 3.) Plaintiff appears to allege violations of his Fourth Amendment rights to the United States Constitution, and violation of federal wiretapping laws during a criminal prosecution against him at Criminal Docket No. 08-374 in the United States District Court for the Western District of Pennsylvania before the Honorable Joy Flowers Conti.[1] Plaintiff, however, names the "Freedom of information Act" as the defendant. The Complaint is unclear as to what relief Plaintiff seeks.

---

[1] Plaintiff was convicted in the underlying criminal action of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of crack cocaine.

**Legal Standards**

The court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (internal quotation omitted); *Haines v. Kerner,* 404 U.S. 519, 520 (1972). In addition, the court should "'apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.'" *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)).

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Although Plaintiff's claims do not appear to arise from an incarceration,[2] the amendments to the PLRA codified at 28 U.S.C. § 1915 apply to incarcerated individuals who have been granted in forma pauperis ("IFP") status. *See Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997) (holding that federal in forma pauperis statute is not limited to prisoner suits). Pursuant to 28 U.S.C. § 1915(a), Plaintiff is eligible for and has been granted leave to proceed in forma pauperis. (ECF No. 2.) Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e)(2)(B).

Pertinent to the case at bar is the authority granted to federal courts for the sua sponte dismissal of claims in IFP proceedings. Specifically, § 1915(e)(2)(B) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss any action that is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in

---

[2] Although Plaintiff's address of record reflects that he is presently incarcerated at FCI Allenwood, he does not appear to be alleging that his claims arose while incarcerated, or as a result of his incarceration.

law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 210 (3d Cir. 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.")(citing *Neitzke*, 490 U.S. at 325). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Recently, the United States Court of Appeals for the Third Circuit aptly summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir.2013).

*Thompson v. Real Estate Mortg. Network,* ___ F.3d ___, 2014 WL 1317137, at *2 (3d Cir. Apr. 3, 2014). "To the extent that a complaint filed in forma pauperis which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915[(e)(2)] both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

**Analysis**

Plaintiff's Complaint fails to comply with Federal Rules of Civil Procedure 8 and 10. Rule 8 requires that a complaint contain a short and plain statement setting forth (1) the basis for the court's jurisdiction, (2) the claim or claims showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Although there is not a heightened pleading standard in § 1983 cases, pro se plaintiffs must sufficiently allege a deprivation of a right secured by the Constitution. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Plaintiff fails to set forth sufficient factual statements showing that he is entitled to relief on his civil rights claims. He fails to align each claim against a named defendant with the allegations supporting each claim. Instead, Plaintiff names a federal statute as the defendant. Federal Rule of Civil Procedure 10 provides that "[t]he title of the complaint must name all the parties[.]" Fed. R. Civ. P. 10(a). In addition, Plaintiff is unclear as to the relief he seeks, stating only the following: "with freedom of information and privacy information concerning CC no. 08-374 JFC." (ECF No. 4 at VI. Relief.) Plaintiff may be seeking documents relating to his underlying criminal case. If so, Plaintiff's recourse is to make a written request to the appropriate agency pursuant to the Freedom of Information Act ("FOIA"). FOIA is a federal statute that gives citizens the right to access information from the federal government; it not an entity subject to suit.

Moreover, it appears that some or all of Plaintiff's § 1983 claims may be time-barred because Plaintiff indicates that the date of the events giving rise to his claims occurred from January through October of 2008. Claims brought under § 1983 are subject to a two-year statute of limitations. *Carpenter v. Young,* No. Civ. A. 04-927, 2005 WL 1364787, *4 (E.D. Pa. June 1, 2005) (statute of limitations for § 1983 claims is the two-year statute of limitations for personal

injury actions in Pennsylvania) (citing *Garvin v. City of Phila.,* 354 F.3d 215, 220 (3d Cir. 2003); *Vitalo v. Cabot Corp.,* 399 F.3d 536, 542 (3d Cir. 2005)). Therefore, any § 1983 claims based on events occurring prior to May 9, 2012 will be time-barred.

Further, Plaintiff indicates that he filed a lawsuit involving the same facts in the United States District Court for the Western District of Pennsylvania before the Honorable Judge Cynthia Eddy in January 2012 at Civil Action No. 12-98; the previous civil action was filed against Soo Song and Daniel Booker, two individuals mentioned in the Complaint here, but not named as defendants.[3] Plaintiff indicates that this previous civil action was dismissed on February 16, 2012. Hence, Plaintiff's Complaint may also be barred by the doctrines of res judicata and/or collateral estoppel. The doctrine of res judicata will bar this civil action if the final judgment on the merits in the prior action involved the same parties or their privies, and the present action is based on the same cause of action. *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991) (citing *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984)). "If these [] factors are present, a claim that was or could have been raised previously must be dismissed as precluded." *CoreStates Bank, N.A. v. Huls Am., Inc.*, 176 F.3d 187, 194 (3d Cir. 1999).

Finally, Plaintiff was convicted in the underlying criminal action. The United States Supreme Court has held that in order for Plaintiff to recover damages for unconstitutional conviction or imprisonment, he must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). This Court must determine whether a judgment in

---

[3] Plaintiff also mentions the Honorable Donetta Ambrose, United States District Court Judge for the Western District of Pennsylvania and her deputy clerk, Jack Hamilton. Of course, these individuals are protected by absolute judicial immunity and quasi-judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356 (1978)(judges immune from suit unless they act in complete absence of jurisdiction); *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 773 (3d Cir. 2000) (court personnel entitled to quasi-judicial immunity for alleged acts pursuant to judge's instructions).

favor of Plaintiff on his § 1983 claims would necessarily imply the invalidity of Plaintiff's conviction or sentence. "[I]f it would, the [C]omplaint must be dismissed unless [] [P]laintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* Plaintiff's § 1983 claims may proceed, however, if the Court determines that success on Plaintiff's § 1983 claims "will not demonstrate the invalidity of any outstanding criminal judgment" as long as there is no other bar to Plaintiff's civil rights action. *See id.*

Federal Rule of Civil Procedure 10(b) requires that the statements in a complaint be set forth in numbered paragraphs and limited, as far as practicable, to a single set of circumstances in each paragraph. If Plaintiff chooses to file an amended complaint, it should contain numbered paragraphs containing all the requirements discussed herein. The lack of numbered paragraphs will deprive a defendant of a point of reference for responding, and will frustrate the purpose of the Rules to "secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1.

Accordingly, if Plaintiff elects to file an amended complaint, that pleading must comply with the requirements noted above.

For all of these reasons, the Complaint will be dismissed without prejudice. Plaintiff, however, will be granted leave to file an amended complaint.[4] Plaintiff must allege the following: 1) violations of specific federal laws or specific rights under the United States Constitution against specific defendants; 2) facts showing that his claims are not time-barred; 3) facts showing that his civil action is not barred by the doctrines of res judicata and/or collateral

---

[4] Generally, when a complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), the plaintiff should be given leave to amend the complaint with directions as to how to cure the deficiencies, "unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment." *Warren v. Bush*, Civ. A. No. 2:08-cv-00376, 2008 WL 3876885, at * 1 (D. Nev. Aug. 18, 2008) (citing *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995)). *See also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (holding that in civil rights cases, a court must give a plaintiff the opportunity to amend a deficient complaint - regardless of whether the plaintiff requests to do so - when dismissing a case for failure to state a claim, unless doing so would be inequitable or futile.)

estoppel; and 4) that his claim is not barred by *Heck v. Humphrey*, 515 U.S. 477 (1994). If Plaintiff determines that it would be futile to file an amended complaint because he is unable to allege facts that will satisfy these requirements, then he may file a notice with the Court indicating that he does not wish to file an amended complaint and the Court will dismiss this civil action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

### **Conclusion**

Hence, for the reasons discussed above, Plaintiff's Complaint will be dismissed without prejudice. Plaintiff will be granted leave to file an amended complaint if he determines that he has plausible claims in light of the above. Otherwise, the Court will dismiss this civil action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

An appropriate Order will follow.

Dated: June 16, 2014

                                                   s/Lisa Pupo Lenihan
                                                   LISA PUPO LENIHAN
                                                   Chief United States Magistrate Judge

cc:    Alonzo Johnson
        21857-039
        P.O. Box 3000
        White Deer, PA 17887